**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, the STATE OF NEW JERSEY, and the STATE OF NEW YORK, *ex rel*. JERSEY STRONG PEDIATRICS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WANAQUE CONVALESCENT CENTER, WANAQUE OPERATING CO., L.P., SENIORS MANAGEMENT NORTH, INC., and H B A CORPORATION,<br><br>Defendants. | Civil Action No: 14-6651-SDW-SCM<br><br>**OPINION**<br><br>September 18, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendant Wanaque Convalescent Center ("WCC"), Wanaque Operation Co., L.P., and Seniors Management North, Inc.'s (collectively "Defendants") Motion to Dismiss Jersey Strong Pediatric, LLC's ("Jersey Strong") Amended Complaint[1] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367 and 31 U.S.C. § 3732(a). Venue is proper pursuant to 28 U.S.C. § 1391 and 31

---

[1] Defendants' previous motion to dismiss the original Complaint was granted on June 14, 2017. (Dkt. Nos. 21, 22.)

U.S.C. § 3732(a). This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **DENIED**.

I.  BACKGROUND AND PROCEDURAL HISTORY

Because the facts of this case have been fully set out in this Court's June 14, 2017 Opinion Granting Defendants' prior Motion to Dismiss the original Complaint filed in this matter, (Dkt. Nos. 21, 22), only those facts necessary to the adjudication of this motion will be discussed here. Jersey Strong alleges that WCC, a skilled nursing and rehabilitation facility, fraudulently billed Medicare and Medicaid by either failing to ascertain, or ignoring the existence of, patients' private health insurance and, as a result, violating secondary payment laws by billing Medicare and Medicaid as primary payer when submitting claims for payment. (Am. Compl. ¶¶ 3, 62-67.)[2] The Amended Complaint identifies eight general examples of Defendants' allegedly wrongful billing practices, omitting the names of the patients involved because they were minors. (*Id*. ¶¶ 76-134.)

On October 2, 2014, Jersey Strong brought suit as a *qui tam* relator on behalf of the United States of America, the State of New Jersey and the State of New York alleging violations of the Federal False Claims Act ("FCA"), the New Jersey False Claims Act ("NJFCA"), and the New York False Claims Act ("NYFCA"). (Dkt. No. 1.) The United States, New York and New Jersey declined to intervene in November 2016. (Dkt. No. 5.) Defendants filed a motion to dismiss the Complaint on January 26, 2017. (Dkt. No. 11.) This Court granted that motion on June 14, 2017.

---

[2] In order to coordinate payments where patients have private insurance coverage and are Medicare/Medicaid eligible, Congress enacted secondary payment laws ("MSP laws"). *Fanning v. U.S.*, 346 F.3d 386, 388-89 (3d Cir. 2003); *see also Negron v. Progressive Cas. Ins. Co.*, Civ. No. 15-577(NLH/KMW), 2016 WL 796888, at *1 (D.N.J. Mar. 1, 2016) (discussing the Medicare and Medicaid Secondary Payer statutes). The MSP laws "dictate when Medicare[/Medicaid] will pay a medical claim as the 'primary payer,' and when Medicare[/Medicaid] will pay as the 'secondary payer.'" *United States ex rel. Drescher v. Highmark, Inc.*, 305 F. Supp. 2d 451, 454-55 (E.D. Pa. 2004) (discussing the claim submission process). "Generally, under the MSP statute and related regulations, the private insurance carrier is the primary payer," and "the secondary payer generally pays a smaller portion of the claim than the amount paid by the primary payer." *Id.* at 454.

2

(Dkt. Nos. 21, 22.) Plaintiff filed an Amended Complaint on July 14, 2017. (Dkt. No. 23.)[3] Defendants filed the instant motion to dismiss on July 28, 2017. (Dkt. No. 25.) Plaintiff filed its timely opposition on August 22, 2017 and Defendants filed their reply on August 29, 2017. (Dkt. Nos. 27, 28.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations

---

[3] Defendants have asked this Court to strike certain portions of the Amended Complaint as "immaterial" under Federal Rule of Civil Procedure 12(f). (Mot. Dismiss at 13-14.) Although this Court agrees that some of the factual and legal allegations in the Amended Complaint are extraneous, they do not confuse the issues nor do they prejudice any of the parties. Therefore, Defendants' request is denied.

3

in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' " *Park v. M & T Bank Corp.,* No. 09–cv–02921, 2010 WL 1032649, at *5 (D.N.J. Mar.16, 2010) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004)). To satisfy Rule 9(b)'s pleading requirements for FCA claims, plaintiffs "must provide 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 157-58 (3d Cir. 2014) (internal citation omitted).

### III. DISCUSSION

#### A.

The FCA "prohibits the submission of false or fraudulent claims for payment to the United States and authorizes *qui tam* actions, by which private individuals may bring a lawsuit on behalf of the government in exchange for the right to retain a portion of any resulting damages award." *Foglia v. Renal Ventures Mgmt., LLC*, 830 F. Supp. 2d 8, 14 (D.N.J. 2011) (citing *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 131 S.Ct. 1885, 1889 (2011)); *see also Universal Health Serv.,*

*Inc. v. U.S.* 136 S. Ct. 1989, 1996-97 (2016) ("*Escobar*") (discussing the history and purpose of the FCA). "The primary purpose of the FCA 'is to indemnify the government -- through its restitutionary penalty provisions -- against losses caused by a defendant's fraud.'" *U.S. ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 304 (3d Cir. 2011) (internal citation omitted).

The FCA provides, in relevant part:

Any person who –

(A) knowingly[4] presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B) . . . is liable to the United States of America for a civil penalty . . .

31 U.S.C. § 3729(a)(1).[5]

"There are two categories of false claims under the FCA: a factually false claim and a legally false claim." *Wilkins*, 659 F.3d at 305. "A claim is factually false when the claimant misrepresents what goods or services that it provided to the Government and a claim is legally false when the claimant knowingly falsely certifies that it has complied with a statute or regulation the compliance with which is a condition for Government payment." *Id*. (internal citation omitted); *see also Negron*, 2016 WL 796888 at *6. Legally false claims may be express or implied.

---

[4] The terms "knowing" and "knowingly" "(A) mean that a person, with respect to information -- (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific intent to defraud." 31 U.S.C. § 3729(b)(1).

[5] "On May 20, 2009, Congress enacted the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617 (2009), which amended the FCA and re-designated 31 U.S.C. § 3729(a)(1) as 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(2) as 31 U.S.C. § 3729(a)(1)(B) [and 31 U.S.C. § 3729(a)(3) as 31 U.S.C. § 3729(a)(1)(C)]." *U.S. ex rel. Gerry Phalp & Matt Peoples v. Lincare Holdings, Inc. & Lincare, Inc., d/b/a Diabetics Experts of Am.*, No. 16-10532, 2017 WL 2296878, at *3 n.5 (11th Cir. May 26, 2017). The amendment changed the designations, but not the substance of the Act for purposes of this motion. Various cases cited by the parties reference the pre-2009 statutory designation, but for accuracy's sake, this Court cites to the post-2009 designations.

5

*Wilkins*, 659 F.3d at 305. "Under the 'express false certification' theory, an entity is liable under the FCA for falsely certifying that it is in compliance with regulations which are prerequisites to Government payment in connection with the claim for payment of federal funds." *Id.* Under the "implied false certification" theory, an entity is liable [if it "seeks and makes a claim for payment from the Government without disclosing that it violated regulations that affected its eligibility for payment." *In re Plavix Mktg., Sale Practices & Prod. Liab. Litig.*, 123 F. Supp. 3d 584, 600 (D.N.J. 2015) (citing *Wilkins*, 659 F.3d at 305).

For legally false claims, plaintiffs must plead that the regulation at issue is material. *Escobar*, 136 S. Ct. at 2004 n.6 (stating that plaintiffs must "plead[] facts to support allegations of materiality"). Under the FCA, a regulation is material if it is "so central to the provision" of services that the government would "not have paid the[] claims had it known of the[] violations." *Id.* at 2004 (describing the materiality standard as "rigorous" and "demanding"); *see also U.S. ex rel. Gerasimos v. Genentech, Inc.*, 855 F.3d 481, 492 (3d Cir. 2017) (recognizing the "heightened materiality standard" set out in *Escobar*). "[A] misrepresentation is not material 'merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment . . . [or because] the Government would have the option to decline to pay if it knew of the defendant's noncompliance.'" *Gerasimos*, 855 F.3d at 489 (citing *Escobar*, 136 S. Ct. at 2003).

The Amended Complaint raises a single FCA claim for implied false certification pursuant to 31 U.S.C. § 3729(a)(1), specifically, that Defendants fraudulently "billed Medicare and Medicaid as the primary payer despite the existence of alternative coverage, thereby violating secondary payer laws . . .." (Am. Compl. ¶ 165; *see also Negron*, 2016 WL 796888, at *6 (classifying a relator's claims that defendants "caused a claim to be submitted under Medicare

6

which violated the Medicare Secondary Payer Act" as an implied false certification claim).) "To establish a *prima facie* claim under 31 U.S.C. § 3729(a)(1), a plaintiff must show that: '(1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent.'" *United States ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 242 (3d Cir. 2004) (internal citations omitted); *see also United States ex rel. Rahimi v. Zydus Pharm. (USA), Inc.*, Civ. No. 15-6536-BRM-DEA, 2017 WL 1503986, at *11 (D.N.J. Apr. 26, 2017). As noted above, Jersey Strong must also plead that the MSP laws are material to the government's decision to pay the submitted claims.

There appearing to be no dispute that claims were submitted for payment, this Court must first determine whether the claims submitted were false or fraudulent. Jersey Strong alleges that Defendants fraudulently billed Medicare and Medicaid instead of patients' private health insurance policies. (Am. Compl. ¶¶ 3, 162-167.) To support its allegations, Jersey Strong provides eight examples of claims that allegedly violated the MSP laws. (Am. Compl. ¶¶ 76-134.) Although these examples do not contain patient names, dates of treatment, or primary insurance policy numbers, they do put Defendants on notice of the allegations against them and create "a strong inference that [false] claims were actually submitted." *Foglia*, 830 F. Supp. 2d at 157-58; *see also Drescher*, 305 F. Supp. 2d at 457-58, 461. This is enough to survive Defendants' motion to dismiss.[6]

Jersey Strong also sufficiently pleads that the MSP laws are material to the government's decision to pay Medicaid/Medicare claims in this context. (Am. Compl. ¶¶ 169-70.) Specifically,

---

[6] Additional information such as patient dates of admission or the specifics of private insurance plans could be obtained in discovery. At that time, once the dates of treatment and claims have been ascertained, Defendants may raise any applicable statutes of limitation arguments.

Plantiff pleads that under the MSP and related regulations, "providers are required to gather accurate information to determine whether Medicare/Medicaid is the primary payer for each inpatient admission or outpatient encounter . . ." and may be penalized for failing to do so. (*Id.*) Further, claims may be and are "consistently/continually/automatically" denied if alternative, primary benefits are available. (*Id.*) The Amended Complaint also alleges that the federal government contracts "with private auditors to strictly enforce secondary payment laws to prevent improper payments" indicating that adherence to secondary payer laws is material to any "decision to pay for Defendants' services." (*Id.*) At this stage, Plaintiff has met its burden to plead that the MSP laws are material. *See United States ex rel. Schimelpfenig v. Dr. Reddy's Lab. Ltd.*, Civ. No. 11-4607, 2017 WL 1133956, at *7 (E.D. Pa. Mar. 27, 2017) (noting that "[u]ltimately, the relevant inquiry is whether the Government's payment decision was influenced by claimant's purported compliance with a particular requirement").

Finally, Jersey Strong's allegations, that it made Defendants aware of patients' private insurance and that Defendants intentionally ignored the existence of such primary payers, is sufficient to plead that Defendants acted knowingly. Therefore, Defendants' Motion to Dismiss will be denied as to the federal FCA claim in Count One.

B.

Plaintiff's remaining claims arise under the New Jersey False Claims Act, N.J.S.A. § 2A:32c-5-8 (Count Two), and the New York False Claims Act, N.Y. State. Fin. Law § 190(2) (Count Three). These state statutes mirror the FCA and require the same showings. *See, e.g.*, *United States v. Loving Care Agency, Inc.*, 226 F. Supp. 3d 357, 363-64 (D.N.J. 2016) (noting that "[t]he language in the NJFCA is nearly identical to the federal statute and thus requires the same showings"); *New Jersey v. Haig's Serv. Corp.*, No. 12-cv-4797, 2016 WL 4472952, at *6-7

(D.N.J. Aug. 24, 2016) (stating that "the similarity of language between the federal FCA and the NJFCA allows for the conclusion that the NJFCA also proscribes 'misrepresentations by omission'") (internal citations omitted); *United States v. N. Adult Daily Health Care Ctr.*, 205 F. Supp. 3d 276, 286 (E.D.N.Y. 2016) (concluding that the NYFCA "'is closely modeled on the federal FCA'" and "imposes liability for 'knowingly mak[ing] a false statement or knowingly fil]ing] a false record'") (citing *U.S. ex rel. Bilotta v. Novartis Pharm. Corp.*, 50 F. Supp. 3d 497, 509 (S.D.N.Y. 2014) and *People ex rel. v. Schneiderman v. Sprint Nextel Corp.*, 42. N.E. 655, 661 (N.Y. 2015)); *Kane ex rel. U.S. v. Healthfirst, Inc.*, 120 F. Supp. 3d 370, 381 (S.D.N.Y. 2015) (noting that [w]hen interpreting the NYFCA, New York courts rely on federal FCA precedent").[7] Therefore, having found that Plaintiff has sufficiently pled an FCA claim, this Court will also deny Defendants' motion to dismiss Counts Two and Three.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. An appropriate order follows.

                                               /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Steven C. Mannion, U.S.M.J.
               Parties

---

[7] This Court again notes that the NJFCA was enacted in 2008, and is not retroactive. *See Loving Care*, 226 F. Supp. 3d at 363-64. Therefore, any claims under that statute for actions the occurred prior to March 13, 2008 are barred. There is no such limitation on claims under the NYFCA. *See U.S. ex rel. Bilotta*, 50 F. Supp. 3d 497 at 540-41 (noting that the NYFCA was enacted on April 1, 2007 and does apply retroactively).