UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| UNITED STATES OF AMERICA, the STATE OF NEW JERSEY, and the STATE OF NEW YORK, *ex rel.* JERSEY STRONG PEDIATRICS, LLC,<br><br>Plaintiffs,<br>v.<br><br>WANAQUE CONVALESCENT CENTER, WANAQUE OPERATING CO., L.P., and SENIORS MANAGEMENT NORTH, INC.<br><br>Defendants. | Civil Action No.<br>2:14-CV-06651-KSH-SCM<br><br>**REPORT AND RECOMMENDATION**<br><br>**ON MOTION FOR RULE 11 SANCTIONS**<br><br>**[D.E. 66]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before this Court is Defendants Wanaque Convalescent Center, Wanaque Operating Co., L.P., and Senior Management North, Inc.'s (collectively, "Defendants") motion for Rule 11 sanctions and attorneys' fees.[1] Plaintiff Jersey Strong Pediatrics, LLC ("Jersey Strong") opposes the motion.[2] The Honorable Katharine S. Hayden, U.S.D.J., referred the instant matter to the undersigned for report and recommendation. The Court has reviewed the parties' submissions and decides the issue without oral argument. For the reasons set forth herein, it is respectfully recommended that Defendants' motion be **DENIED**.

---

[1] (Electronic Case Filing Docket Entry ("D.E.") 66, Def.'s Mot. for Sanctions. Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System).

[2] (D.E. 75, Pl.'s Opp'n).

## I. BACKGROUND AND PROCEDURAL HISTORY

This is a False Claims Act ("FCA") case. Jersey Strong alleges that Defendants violated the FCA by failing to submit claims to private insurers before billing Medicare for services.[3] In November 2016, the United States of America declined to intervene in this case, as did the States of New Jersey and New York.[4]

On January 26, 2017, Defendants filed a motion to dismiss arguing that Jersey Strong failed to meet the criteria of an FCA allegation.[5] The Court granted the motion to dismiss on June 14, 2017,[6] holding that Jersey Strong failed to adequately plead materiality.[7]

On July 14, 2017, Jersey Strong filed an amended complaint.[8] Defendants again filed a motion to dismiss the amended complaint on July 28, 2017.[9] On September 18, 2017, the Court denied Defendants' second motion to dismiss.[10] The Court held that the amended complaint (1) provided enough information to create "a strong inference that [false] claims were actually submitted," (2) adequately plead materiality, and (3) sufficiently plead that Defendants acted knowingly.[11]

---

[3] (D.E. 1, Compl.).

[4] (D.E. 5).

[5] (D.E. 11, Def.'s Mot. To Dismiss).

[6] (D.E. 22, Order).

[7] (D.E. 21, Opinion).

[8] (D.E. 23, Am. Compl.).

[9] (D.E. 25, Def.'s Mot. To Dismiss).

[10] (D.E. 30, Order).

[11] (D.E. 29, Opinion).

On November 16, 2018, after the completion of discovery, Defendants filed a motion for summary judgment along with the instant motion for sanctions. The Court granted Defendants' motion for summary judgment in part and denied the motion in part.[12] In denying the motion in part, the Court held that there are genuine issues of material fact which may be material in deciding if Defendants made reasonable efforts to comply with New York Medicaid regulations, and an issue of scienter with respect to one of the minors.[13] Lastly, the Court denied Defendants' attorneys' fees and costs, holding that Jersey Strong's lawsuit was not "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."[14]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 intends to ensure that pleadings are not used to harass, delay, or increase litigation expense.[15] The rule imposes an affirmative duty on any party who signs a document submitted to the court to conduct a reasonable inquiry into the factual and legal bases of claims before filing.[16] The Rule 11 test is an objective one of reasonableness under the circumstances.[17] "The Third Circuit has held that '[a]n inquiry is considered reasonable under the circumstances if it provides the party with "an objective knowledge or belief at the time of

---

[12] (D.E. 81, Order).

[13] (D.E. 80, Opinion).

[14] (*Id.*).

[15] *Lony v. E.I. Du Pont De Nemours & Co.*, 935, F.2d 604, 616 (3d Cir. 1991).

[16] *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir. 1993) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 543 (1991)).

[17] *Bradgate*, 999 F.2d at 752 (citing *Lony v. E.I. Du Pont De Nemours & Co.*, 935, F.2d 604, 616 (3d Cir. 1991)).

the filing of the challenged paper" that the claim was well-grounded in law and fact.'"[18] "Courts ... have denied sanctions where the law and facts, even if not adopted by the court, are ambiguous and could be reasonably interpreted in more than one way."[19]

Rule 11 authorizes the Court to "impose an appropriate sanction" on a party found to have violated the rule.[20] Sanctions should be applied only in "exceptional circumstances where a claim or motion is patently unmeritorious or frivolous."[21] Rule 11 should not be used as a penalty against a party for creative legal theories.[22] The imposition of Rule 11 sanctions is discretionary.[23]

## III. DISCUSSION

Defendants allege that Jersey Strong's amended complaint was frivolous because it lacked a factual basis and contained mere speculation.[24] Defendants further claim that Jersey Strong was put on notice that its complaint lacked a "cognizable legal theory" via a letter and

---

[18] *Del Giudice v. S.A.C. Capital Mgmt., LLC*, 2009 U.S. Dist. LEXIS 12664 (D.N.J. 2009) (citing *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994)).

[19] *In re Cendant Corp. Derivative Action Litig.*, 96 F. Supp. 2d 403, 405 (D.N.J. 2000) (citing *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277,289–90 (3d Cir. 1991)).

[20] Fed. R. Civ. P. 11(c).

[21] *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (citing *Doering v. Union Cty. Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

[22] *Ario*, 618 F.3d at 297 (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988)).

[23] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n. 28 (3d Cir. 2009).

[24] (D.E. 66, Def.'s Mot. for Sanctions).

4

two motions to dismiss.[25] They seek relief from Jersey Strong's counsel.[26] Jersey Strong alleges that Defendants' motion for Rule 11 sanctions rests on the allegation that "[Jersey Strong]'s counsel violated Rule 11 by filing a complaint without performing an adequate investigation."[27]

### A. The action was plausible and inferred more than a mere possibility of misconduct.

Determining if the allegations in a complaint are "plausible" requires the reviewing court to draw on its judicial experience and common sense."[28] If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2).[29] This Court found that Jersey Strong met this requirement to plead that Defendants fraudulently billed Medicare and Medicaid.[30] Jersey Strong provided eight examples of said violations, which would have survived the motion to dismiss.[31] However, the Court found that the original complaint inadequately plead materiality, a requirement established by the Supreme Court in *Universal Health Serv., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2002-03 (2016) (a case decided after the original complaint had been filed).[32] Therefore, the

---

[25] (*Id.*).

[26] (*Id.*).

[27] (D.E. 75, Pl.'s Opp'n).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[29] (*Id.*).

[30] (D.E. 21, Opinion).

[31] (*Id.*).

[32] (D.E. 21, Opinion).

5

District Court granted Jersey Strong leave to amend the original complaint.[33] Defendants note that the Court dismissed all of Jersey Strong's claims except for the allegations related to secondary payer laws.[34] But this does not make Jersey Strong's complaint implausible as a whole. The Court granted the first motion to dismiss due to new case law on materiality, not because Jersey Strong failed to meet the plausibility standard.

When Jersey Strong filed its amended complaint, Defendants again motioned to dismiss. This second motion to dismiss was denied because the amended complaint meets the burden of pleading that the secondary payer laws were material.[35] Jersey Strong's allegation was also sufficient to show that Defendants acted knowingly.[36] This Court's denial of Defendants' motions to dismiss indicates that Jersey Strong's allegations are plausible. Thus, Defendants' Rule 11 position, that the complaint offered no cognizable legal theory, was also rejected.[37]

### B. The filing of the complaint was reasonable under the circumstances.

To survive summary judgment, Jersey Strong "must provide evidence of at least one false claim."[38] The Court granted in part and denied in part Defendants' motion for summary judgment.[39] Jersey Strong did not have specific insurance policies for four of the minors

---

[33] (*Id.*).

[34] (D.E. 78, Def.'s Reply Brief to Opp'n).

[35] (D.E. 30, Order).

[36] (*Id.*).

[37] (D.E. 75, Pl.'s Opp'n).

[38] *United States ex rel. Greenfield v. Medco Health Sols.*, 880 F.3d 89, 99 (3d Cir. 2018).

[39] (D.E. 81, Order).

6

described; however, there are genuine issues of material fact concerning minor K.W.[40] One issue is whether the minor's insurance policy explicitly denied or allowed coverage of Defendants' services.[41] This is relevant in determining whether or not Defendants made reasonable efforts to comply with New York Medicaid laws.[42] Additionally, Jersey Strong provided some evidence that Defendants never billed K.W.'s private insurer.[43] Lastly, genuine issues of material fact exist in the scienter issue.[44]

Defendants' Rule 11 theory is that Jersey Strong "did not adequately investigate what [Jersey Strong] has successfully proven through discovery."[45] But Jersey Strong had direct knowledge of Defendants' billing practices,[46] and the allegations in the amended complaint are supported by testimony.[47] Thus, Plaintiff counsel's investigation was "reasonable under the circumstances."[48] As noted in Jersey Strong's Opposition, their counsel investigated the facts asserted in the amended complaint prior to this lawsuit, and discovery proved that the alleged facts were accurate.[49]

---

[40] (D.E. 80, Opinion).

[41] (*Id.*).

[42] (*Id.*).

[43] (*Id.*).

[44] (*Id.*).

[45] (D.E. 75, Pl.'s Opp'n).

[46] (*Id.*).

[47] (*Id.*).

[48] (*Id.*).

[49] (D.E. 75, Pl.'s Opp'n).

Ultimately, the standard for Rule 11 sanctions is that a claim or motion is patently unmeritorious or frivolous. It can hardly be said that this standard is met when two prior district court judges have held that the allegations are plausible and that there are genuine issues of material fact warranting both a denial of a motion to dismiss[50] and a partial denial of a motion for summary judgment.[51]

### C. The claims are not frivolous, clearly vexatious, or brought primarily for purposes of harassment.

Defendants seek attorneys' fees, arguing that Jersey Strong's attorneys have engaged in a specious and vexatious litigation, resulting in unnecessary expenditures of money and time.[52] The Court denied Defendants' request for attorneys' fees and costs because this lawsuit did not fall into the "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment" categories.[53] If the Court found that Jersey Strong's lawsuit did not meet this standard for attorneys' fees and costs, it is implausible to think this Court should find that this same standard of "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment" categories is met for Rule 11 sanctions.

Citing *Gaiardo v. Ethyl Corp.*, Jersey Strong notes that this Court may impose sanctions *sua sponte* on Defendants for using rule 11 sanctions for improper purposes.[54] "The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called

---

[50] (D.E. 21, Opinion).

[51] (D.E. 80, Opinion).

[52] (*Id.*).

[53] (*Id.*).

[54] (D.E. 75, Pl.'s Opp'n).

8

"hardball" litigation techniques espoused by some firms and their clients."[55] As noted by Jersey Strong, this is not the first attempt at threatening sanctions.[56] Defendants threatened Rule 11 sanctions in a letter after the first complaint was filed, while Defendants' first motion to dismiss was pending.[57] If Defendants truly felt that Jersey Strong's complaint was worthy of a granting of Rule 11 sanctions, Defendants would have filed the motion concurrently with their motion to dismiss. Rule 11 requires a motion for sanctions be made separately from any other motion.[58] Defendants did not follow through with the threats of a Rule 11 motion, which could suggest that the purpose of the letter was to intimidate Relator.[59] This improper use of Rule 11 sanctions could, therefore, be applied to the Defendants themselves rather than Jersey Strong as Defendants request.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for sanctions be **DENIED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[60] The District Court need not consider frivolous, conclusive, or

---

[55] *Gaiardo v Ethyl Corp,* 835 F.2d 479, 485 (3d Cir. 1987).

[56] (D.E. 75, Pl. 's Opp'n).

[57] (D.E. 66, ex. A, Letter).

[58] Fed. R. Civ. P. 11(c)(2).

[59] (D.E. 75, Pl. 's Opp'n).

[60] 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2).

9

general objections.[61]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/25/2019 9:52:53 AM

Original: Clerk of the Court
Hon. Katharine S. Hayden, U.S.D.J.
 cc: All parties
    File

---

[61] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

10